IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
TAMIKA CRAIGE AND JEREMIAH        )
THOMAS,                           )
                                  )
        Plaintiffs,                )
                                  )
        v.                         )         1:19CV408
                                  )
GOVERNMENT EMPLOYEES              )
INSURANCE COMPANY and             )
NATIONWIDE AFFINITY INSURANCE     )
COMPANY OF AMERICA,               )
                                  )
        Defendants.                )
```

### MEMORANDUM OPINION AND ORDER

Before the court are the motions of Plaintiffs Tamika Craige and Jeremiah Thomas to remand this action to the Superior Court of Durham County, North Carolina (Doc. 14), and to stay proceedings pending resolution of that motion (Doc. 17). The motions are fully briefed and ready for decision. For the reasons set forth below, the motion to remand will be denied on the merits, and the motion to stay proceedings will be denied as moot.

I.  **BACKGROUND**

The complaint alleges that Plaintiffs, two North Carolina citizens, were injured in an automobile accident and obtained judgment against the offending vehicle's driver, James Rigsbee, in the total amount of $268,250. (Doc. 3 at 3.) Thereafter, Plaintiffs brought this declaratory judgment action against Defendants Government Employees Insurance Company ("GEICO") and

Nationwide Affinity Insurance Company of America ("Nationwide") in state court, alleging that Rigsbee was a resident of households covered by Defendants' insurance policies at the time of the accident and that, as a result, Defendants are legally responsible for Plaintiffs' damages reflected in the judgment. (Id.) Plaintiffs seek a declaratory judgment that Defendants are responsible for satisfying Plaintiffs' personal injury judgment and request recovery from Defendants for the judgment amount. (Id. at 4.)

Defendants removed this action to this court, alleging complete diversity between Plaintiffs and Defendants. (Doc. 1.) Plaintiffs now move to remand the case, arguing that it is a direct action against the insurers under 28 U.S.C. § 1332(c)(1)(A) that requires the court to align the citizenship of Defendants with that of Rigsbee, a North Carolina citizen, so as to defeat diversity. (Doc. 14.) Pending resolution of their motion, Plaintiffs also seek a stay of all proceedings. (Doc. 17.)

**II. ANALYSIS**

Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Here, Defendants removed the action alleging diversity of citizenship of the parties, invoking subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). (Doc. 1.) That requires a showing that the

2

controversy is between citizens of different states and exceeds the sum of $75,000. 28 U.S.C. § 1332(a). The complaint alleges that Plaintiffs, who seek to enforce a $268,250 judgment, are citizens of North Carolina, GEICO is incorporated in the state of Maryland and has its principal place of business in Chevy Chase, Maryland, and Nationwide is incorporated in the state of Ohio with it principal place of business in Columbus, Ohio. (Doc. 3 at 1-3.) Thus, on the face of the complaint, diversity jurisdiction exists.

Plaintiffs argue, however, that their present complaint is a "direct action" under 28 U.S.C. § 1332(c)(1)(A), which provides:

> For the purposes of this section and section 1441 of this title --
>
> (1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of--
>
> (A) every State and foreign state of which the insured is a citizen . . . .

Thus, in a direct action against an insurer, the insurer has not only its normal citizenship, but also that of its insured. Indiana Gas Co., Inc. v. Home Ins. Co., 141 F.3d 314, 317 (7th Cir. 1998). Plaintiffs contend that because the present action seeks damages which have been imposed against Rigsbee, Defendants' alleged

3

insured, it is a direct action within the meaning of § 1332(c)(1)(A), and Rigsbee's North Carolina citizenship destroys diversity. (Doc. 16 at 4.) Any doubt in that regard, Plaintiffs posit, should be resolved in favor of remand. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941) (noting that removal statutes are to be construed strictly).

Under Article III of the United States Constitution, this court's jurisdiction is limited, and as Plaintiffs point out, the burden is on Defendants to demonstrate that removal is proper. Barbour v. Int'l Union, 640 F.3d 599, 605 (4th Cir. 2011) (en banc) abrogated on other grounds by 28 U.S.C. § 1446(b)(2)(B). Defendants contend that even a strict construction of the removal statute cannot rewrite an act of Congress and Plaintiffs' declaratory judgment action is not a direct action within the meaning of the statute. They are correct.

"[A] 'direct action' under § 1332(c)(1) refers to 'a tort claim in which the insurer essentially stands in the shoes of its legally responsible insured . . . .'" Elliot v. Am. States Ins. Co., 883 F.3d 384, 395 (4th Cir. 2018) (quoting Rosa v. Allstate Ins. Co., 981 F.2d 669, 677 (2d Cir. 1992)). It has uniformly referred to "those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." Forston

4

v. St. Paul Fire and Marine Ins. Co., 751 F.2d 1157, 1159 (11th Cir. 1985) (quoting Beckham v. Safeco Ins. Co. of Am., 691 F.2d 898, 901-02 (9th Cir. 1982)); accord Corn v. Precision Contracting, Inc., 226 F. Supp. 2d 780, 783 (W.D.N.C. 2002) (contrasting "cases in which the injured party 'seeks to hold the insurer responsible for breaching the terms of its insurance policy or for its independent tortious acts.'") (internal citations omitted). Section 1332(c)(1) was designed to eliminate diversity jurisdiction for "suits on certain tort claims in which both parties are local residents, but which, under a State 'direct action' statute, may be brought directly against a foreign insurance carrier without joining the local tort-feasor as a defendant." Searles v. Cincinnati Ins. Co., 998 F.2d 728, 730 (9th Cir. 1993) (internal citations omitted).

Where an injured party, having already obtained a judgment against the tortfeasor, seeks to recover from an insurer, the action is not a direct action. Bourget v. Gov't Emp. Ins. Co., 313 F. Supp. 367, 370-71 (D. Conn. 1970) (finding suit by injured party against tortfeasor's insurer for bad faith refusal to settle not a direct action); Cunningham v. State Farm Mut. Auto. Ins. Co., 297 F. Supp. 1138 (E.D. Tenn. 1969) (finding suit by judgment creditor/injured party against tortfeasor's insurer for damages under the insurance contract not a direct action); 7A Steven Plitt et al., Couch on Insurance § 107:4 (3d ed 2019) ("Where one in the

5

position of a judgment creditor as a result of having obtained a judgment against a tortfeasor commences an action against the tortfeasor's liability insurer to recover under the policy the damages for which the tortfeasor was adjudicated liable, such action is not a direct action within the meaning of the proviso to 28 U.S.C.A. § 1332(c)(1)."). This is because the claim against the insurer is not identical to the claim against the insured. Corn, 226 F. Supp. 2d at 783 (noting that "[t]he statute will not defeat diversity jurisdiction unless there is a claim held by a third party against an insured . . . that is identical to the one asserted against the insurance company." (quoting 15A Moore's Federal Practice § 102.58[2] (3d ed 2019)).

In the present case, the complaint asserts claims of insurance coverage, alleging breach of the insurance contracts. (Doc. 3 at 3-4.) These are separate questions from that of liability of the insured for the underlying tort. KB Home Colorado, Inc. v. State Nat'l Ins. Co., No. 11-CV-01999-CMA-MEH, 2012 WL 385595, at *4 (D. Colo. Feb. 6, 2012) (finding declaratory judgment action against insurer not a direct action); cf. Corn, 226 F. Supp. 2d at 783 (finding that the insurer, having admitted liability to pay, "neither breached the contract nor committed an independent tort," nor did the lawsuit involve interpretation of the insurance policy itself).

Plaintiffs, in their reply, urge the court to nevertheless

abstain from exercising jurisdiction, arguing that in addition to seeking a declaration of rights under the insurance contracts, Plaintiffs seek a determination of rights under North Carolina's Financial Responsibility Act, N.C. Gen. Stat. § 20-279.21. (Doc. 23 at 5-7.) According to Plaintiffs, the "'highly regulated state process' involved in vehicle financial responsibility is 'a matter of substantial public concern,'" justifying this court's abstention under Burford v. Sun Oil Co., 319 U.S. 315, 318 (1943), just as the court did in Corn, 226 F. Supp. 2d at 783-84. (Id. at 7-8.) The act is not raised in the complaint, and this argument was not raised in Plaintiffs' opening brief but rather was newly lodged in Plaintiffs' reply brief, in violation of this court's local rules, thus depriving Defendants a fair opportunity to address it. Local Rule 7.3(h) (noting the reply briefs are "limited to discussion of matters newly raised in the response."). The court therefore declines to entertain it now. Triad Int'l Maint. Corp. v. Aim Aviation, Inc., 473 F. Supp. 2d 666, 670 n.1 (M.D.N.C. 2006) (finding argument newly raised in reply brief not properly before the court).

**III. CONCLUSION**

Because Plaintiffs' lawsuit seeks recovery from the alleged insurers of the judgment tortfeasor, it is not a "direct action" within the meaning of 28 U.S.C. § 1332(c)(1)(A). Defendants have demonstrated that diversity jurisdiction is present, and the

motion to remand (Doc. 14) is therefore DENIED. Plaintiffs' related motion to stay proceedings (Doc. 17) is DENIED AS MOOT.

                                               /s/   Thomas D. Schroeder
                                          United States District Judge

October 1, 2019